UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 14 - 3658
SUMMONS ISSUED

-------------------------------------------------------------------x

SHIRLEY JOSEPH and EMMANUEL KUBISEHIN,

               Plaintiffs,           COMPLAINT

         -against-

THE CITY OF NEW YORK, "JOHN" McCARTHY
the first name being fictitious and currently
unknown, and JOHN DOE 1-5, the names being
fictitious and currently unknown, employees of
the New York City Police Department,

DEARIE, J.

POHORELSKY, M.J.

             Defendants.       **Jury Trial Demanded**

-------------------------------------------------------------------x

      Plaintiffs Shirley Joseph and Emmanuel Kubisehin, by their attorney, The

Law Office of Matthew Flamm, allege the following, upon information and belief,

as their Complaint:

### Nature of the Action

      1.     This civil rights action arises from a March 19, 2014 unlawful home

invasion by New York City Police Officers.  This action arises under the United

States Constitution's Fourth and Fourteenth Amendments and New York Common

Law.  Plaintiffs seek compensatory and punitive damages for violation of his civil

rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

      2.     This action arises under the United States Constitution and 42

U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C.

§1331 and §1343(3).  Plaintiffs assert jurisdiction over the City of New York under

28 U.S.C. §1367.  Plaintiffs request that this Court exercise pendent jurisdiction

over those state law claims arising out of the same common nucleus of operative facts as do Plaintiffs' federal claims.

      3.      Under 28 U.S.C. §1391(b) and (c), venue is proper in the Eastern District of New York because Defendant City of New York resides in that judicial District.

Notices of Claim

      4.      On or about March 25, 2014, Plaintiffs caused Notices of Claim to be served upon Defendant the City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

      5.      The Notices of Claim were in writing and were sworn to by the Plaintiffs.

      6.      The Notices of Claim contained the name and post office address of the Plaintiffs, the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

      7.      Defendant City of New York assigned the claims numbers 2014PI009907 and 2014PI009912.

      8.      More than thirty days have elapsed since presentment of the claims and Defendant City of New York has not adjusted the claims within the statutory time period.

      9.      This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

-2-

## Parties

10.    Plaintiff SHIRLEY JOSEPH is a citizen of the United States of America residing in the State and City of New York, County of the Kings. She is fifty-eight years of age and has worked for Bed Stuy Head Start as a teacher for approximately twenty years.

11.    Plaintiff EMMANUEL KUBISEHIN is a citizen of the United States of America residing in the State and City of New York, County of the Kings. He is sixty-two years of age. He owns and operates High Fashion, a clothing store at 1515 Fulton Street in Brooklyn.

12.    Defendant CITY OF NEW YORK is a municipal corporation duly incorporated and existing under the laws of New York State. Pursuant to its Charter, New York City has established and maintains a Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Defendants more fully identified below.

13.    Defendant "JOHN" McCARTHY was at all times relevant a duly appointed and acting supervisory officer employed by the New York City Police Department. On March 19, 2014, he was assigned to the 79 [th] Precinct in Brooklyn, New York. Defendant McCARTHY is liable for directly participating in the incident and in failing to properly supervise his subordinates in the execution of a search warrant. He is sued in his individual capacity.

14.    Defendants JOHN DOE 1-5 were at all times relevant duly appointed and acting officers employed by the New York City Police Department. On March 19, 2014, they were assigned to the 79th Precinct in Brooklyn, New York. Defendants DOE 1-5 are liable for directly participating in the incident and in

-3-

failing to intervene to protect the Plaintiffs from the illegal conduct of there is fellow officers. They are sued in their individual capacity.

15.     At all times relevant, Defendants McCARTHY and DOE 1-5 (the "individual Defendants") were acting under color of state law.

16.     The individual Defendants and the other Police Officers involved in the incident underlying this lawsuit were at all times relevant agents, servants and employees acting within the scope of their employment by Defendant City of New York.

Facts Underlying
Plaintiffs' Claims for Relief

17.     On March 19, 2014 at or around approximately 6:00 a.m., plainclothes and uniformed Police Officers employed by the City of New York, unlawfully entered and searched Plaintiffs' home at 248 Madison Street, Apartment 3L in Brooklyn, New York.

18.     Mr. Kubisehin and Ms. Joseph were sleeping when officers, including individual Defendants, broke the front door open and entered the home without warrant or other lawful authority.

19.     Mr. Kubisehin was pulled naked from his bed, handcuffed, and forced to stand in the home's living room. The officers refused to explain why they were in his home and what they were looking for, and engaged in a destructive search, including causing damage to Mr. Kubisehin's stereo system. Mr. Kubisehin was not permitted to get dressed for approximately one half hour. No contraband or any evidence of criminal conduct was found.

-4-

20.     Shirley Joseph, an invited guest of Emmanuel Kubisehin, was sleeping when the officers broke the front door open. She, too, was pulled naked from her bed, handcuffed, and, despite her pleas that she be permitted to put clothing on, was forced to remain naked. The officers refused to explain to her why they were there and what they were looking for. Ms. Joseph was eventually allowed to put clothing on.

21.     Towards the end of the encounter, a Police supervisor named McCarthy, 5'-5"-'7" in height, medium build, short, blondish hair, and clean shaven, apologized, and admitted that the officers had entered the wrong apartment. The handcuffs were removed. The officers left.

22.     Ms. Joseph suffered the emotional upset, trauma and humiliation of, among other things, an unlawful home invasion, including being violently pulled from her bed at gun point by men in body armor and wearing helmets, being forced to remain naked and handcuffed despite her tears and pleas while officers refused to explain themselves and conducted a destructive search of the home. She suffered authentic shock and fear, has sleep troubles, and is anxious and hyper-vigilant, among other things. Her constitutional rights were violated.

23.     Mr. Kubisehin suffered the emotional upset, trauma and humiliation of, among other things, an unlawful home invasion, including being violently pulled from his bed at gun point and forced to stand naked and handcuffed in his living room while officers refused to explain themselves and conducted a destructive search of his home. He suffered shock and fear. His constitutional rights were violated.

24.     The individual Defendants, despite having a reasonable opportunity to do so, took no action to prevent or end the unlawful conduct to which the Plaintiffs were subjected.

25.     At all times relevant, the Police personnel involved acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to Plaintiffs' rights and physical well-being.

FIRST CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFFS' RIGHT TO BE FREE FROM
UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

26.     Plaintiffs repeat the allegations of the foregoing paragraphs as though fully stated here.

27.     By the actions described above, the individual Defendants, or some of them, deprived the Plaintiffs of rights secured by the Constitution and laws of the United States, including, but not limited to, their right to be free and secure in their persons and home, and their right to be free from arrest or search, except on probable cause or pursuant to a warrant.

28.     As a consequence thereof, Plaintiffs have been injured.

SECOND CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

29.     Plaintiffs repeat the allegations of the foregoing paragraphs as though fully stated here.

30.     By reason of the foregoing, Plaintiffs were  intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiffs were aware of and did not consent to the confinement.  Plaintiffs were thereby falsely arrested and imprisoned.

-6-

31.    As a consequence thereof, Plaintiffs have been injured.

### THIRD CLAIM FOR RELIEF FOR ASSAULT

32.    Plaintiffs repeat the allegations of the foregoing paragraphs as though fully stated here.

33.    By reason of the foregoing, Plaintiffs were intentionally placed in apprehension of imminent harmful and offensive contact, thereby having an assault committed upon them.

34.    As a consequence thereof, Plaintiffs have been injured.

### FOURTH CLAIM FOR RELIEF FOR BATTERY

35.    Plaintiffs repeat the allegations of the foregoing paragraphs as though fully stated here.

36.    By reason of the foregoing, Plaintiffs were intentionally and in a harmful and offensive manner touched, thereby having a battery committed upon them.

37.    As a consequence thereof, Plaintiffs have been injured.

### FIFTH CLAIM FOR RELIEF FOR TRESPASS

38.    Plaintiffs repeat the allegations of the foregoing paragraphs as though fully stated here.

39.    By reason of the foregoing, The City of New York, through its agents, servants and/or employees, Defendants entered into the property of Emmanuel Kubisehin without consent, thereby committing a trespass.

40.    As a consequence thereof, Plaintiffs have been injured.

## SIXTH CLAIM FOR RELIEF FOR CONVERSION

41.     Plaintiffs repeat the allegations of the foregoing paragraphs as though fully stated here.

42.     The City of New York, through its agents, servants and/or employees, intentionally and without authority exercised control over Emmanuel Kubisehin's property and damaging his stereo equipment, thereby interfering with Plaintiffs' right of possession and use of his property.

43.     As a consequence thereof, Plaintiff Emmanuel Kubisehin has been injured.

## SEVENTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFFS' CIVIL RIGHTS

44.     Plaintiffs repeat the allegations of the foregoing paragraphs as though fully stated herein.

45.     The individual Defendants failed to intervene to prevent or end the misconduct to which Plaintiffs were subjected.

46.     As a consequence thereof, Plaintiffs have been injured.

## EIGHTH CLAIM FOR RELIEF FOR NEGLIGENCE

47.     Plaintiffs repeat the allegations of the foregoing paragraphs as though fully stated herein.

48.     The acts complained of herein resulted from Defendant City of New York, through its agents, servants and employees, breaching its duty properly to train, supervise or discipline its law enforcement personnel, including training, supervising or disciplining individual Police personnel who unlawfully search, arrest, detain, or cause property damage.

-8-

49.     The Defendant City of New York's failure properly to assign, train, supervise or discipline its Police personnel, including the Police personnel involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional searches and arrests, and allowed individual Defendants to believe that they could with impunity use enter Plaintiffs' home, search and arrest, and damage property.

50.     By reason of the foregoing, the Defendant City of New York through its agents, servants, and employees, failed and refused to use such care in the performance of its duties as a reasonably prudent law enforcement provider would have used under similar circumstances.

51.     As a consequence thereof, Plaintiffs have been injured.

<u>Request for Relief</u>

WHEREFORE, Plaintiffs respectfully request that judgment be entered that their rights to be free unlawful home entry and arrest under the United States Constitution were violated together with:

(A)     Compensatory damages in an amount to be fixed at trial;

(B)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual Defendants in an amount to be fixed at trial;

(C)     An award to Plaintiffs of the costs and disbursements herein;

(D)     An award of attorney's fees under 42 U.S.C. §1988;

(E)     Such other and further relief as this Court may deem just and

proper.

Dated: June 10, 2014
       Brooklyn, New York

Law Office of Matthew Flamm
*Attorney for Plaintiffs*
26 Court Street, Suite 2208
Brooklyn, New York 11242
(718) 797-3117

Matthew Flamm

-10-